AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Oregon

FILED 16 OCT '17 12:11 USDC-ORP

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Jason Paul Schaefer | ) | Case No. '17-MJ-167 |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | **UNDER SEAL** |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of **October 11, 2017** in the county of **Washington** in the _____ District of **Oregon**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(b) | Assault on a Federal Officer |
| 18 U.S.C. § 844(h) | Using and Carrying an Explosive to Commit a Federal Felony |

This criminal complaint is based on these facts:

See Affidavit of Wade N. Mutchler.

☑ Continued on the attached sheet.

*Complainant's signature*

Wade N. Mutchler, Special Agent, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: Oct. 13, 2017

*Judge's signature*

City and state: Portland, Oregon

Stacie F. Beckerman, U.S. Magistrate Judge
*Printed name and title*

| | |
|---|---|
| STATE OF OREGON          ) | |
| ) | ss.  AFFIDAVIT OF |
| ) | WADE N. MUTCHLER |
| County of Multnomah      ) | |

I, Wade N. Mutchler, being duly sworn do hereby depose and affirm:

**Introduction and Agent Background**

1. I am a Special Agent with the Federal Bureau of Investigation and have been since July 14, 2002. I am currently assigned to the Joint Terrorism Task Force where I work as a Special Agent Bomb Technician. I completed the FBI Academy in 2002 and was assigned to a Domestic Terrorism Squad of the Joint Terrorism Task Force in the Portland Division. I completed training at the FBI Hazardous Devices School (HDS) to become a bomb technician in September 2009. My coursework at HDS included training on improvised explosive devices (IEDs) and how to render them safe, improvised explosives, as well as their precursor chemicals. In addition to the basic training completed at HDS, I have completed several advanced trainings in the areas of improvised explosives, IEDs, and IED fusing systems.

2. This affidavit is submitted in support of an application for a warrant authorizing the arrest of JASON PAUL SCHAEFER (DOB: XX/XX/1991) for the crime of Assault on a Federal Officer under 18 U.S.C. § 111(b) and Using and Carrying an Explosive to Commit a Federal Felony under 18 U.S.C. § 844(h).

3. The information stated herein is based on my own personal involvement in this investigation, as well as discussions I have had with other law enforcement officers involved in this investigation and information contained in written reports pertaining to this investigation. This affidavit does not contain all facts known to me regarding this investigation but, instead, contains only those facts which I believe are sufficient to establish the requisite probable cause.

## Applicable Law

4. Title 18 U.S.C. § 111 states, in relevant part:

Whoever (a)(1) forcibly assaults . . . any person designated in section 1114 of this title while engaged in or on account of the performance of official duties [and] (b) . . . in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

5. Ninth Circuit Model Criminal Jury Instruction 8.4 lists the elements of Assault on a Federal Officer under 18 U.S.C. § 111(b) as follows:

First, the defendant forcibly assaulted [a federal officer or employee];

Second, the defendant did so while [the federal officer or employee] was engaged in, or on account of his official duties; and

Third, the defendant [used a deadly or dangerous weapon] or [inflicted bodily injury];

There is a forcible assault when one person intentionally strikes another, or willfully attempts to inflict injury on another, or makes a threat coupled with an apparent ability to inflict injury on another which causes a reasonable apprehension of immediate bodily harm.

A [specific weapon] is a deadly or dangerous weapon if it is used in a way that is capable of causing death or serious bodily injury.

6. Title 18 U.S.C. § 844(h) states, in relevant part:

Whoever—
  (1) uses fire or an explosive to commit any felony which may be prosecuted in a court of the United States, or
  (2) carries an explosive during the commission of any felony which may be prosecuted in a court of the United States,

Including a felony which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device shall, in addition to the punishment provided for such felony, be sentenced to imprisonment for 10 years.

7. Title 18 U.S.C. § 844(j) states:

For the purposes of subsections . . . (h) . . . the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.

## Statement of Probable Cause

8. On October 11, 2017, agents from the FBI, along with other law enforcement and public safety agencies, executed a search warrant at the residence of SCHAEFER at 18840 NW Rock Creek Circle, Apartment 295, Portland, Oregon.

9. SCHAEFER had a prescheduled appointment with a Washington County Probation Officer at approximately the same time the search warrant was being executed at his residence. I went to the Washington County Probation Office to interview SCHAEFER at the time of the execution of the search warrant. After a short interview with SCHAEFER, he left the Probation Office very quickly. SCHAEFER got into his car and drove away. Law enforcement attempted to follow SCHAEFER, but were unable to maintain surveillance of him due to SCHAEFER's erratic driving and his efforts to evade law enforcement. Law enforcement did not have any contact with SCHAEFER or know his whereabouts for several hours, until they saw him near his residence as described in paragraph 12 below.

10. While executing the search warrant at SCHAEFER's residence, SABT C.M. located a dark granular material that was inside of an open metal cabinet. An item that appeared to be an electric match was placed inside of the gray material. The electric match was

**Page 3 – Affidavit of Wade N. Mutchler**               **USAO Version Rev. June 2017**

connected to a receiver to a remote firing system. SABT C.M. also observed containers for several explosive precursor chemicals.

11. This information was relayed to me, and I, in turn, passed it along to SCHAEFER's Washington County Probation Officer. The Probation Officer informed me that a detainer for SCHAEFER would be issued. I informed law enforcement present at the search that the Probation Officer had issued the detainer.

12. During the residence search, Task Force Officer (TFO) J.C. saw SCHAEFER go toward his mailbox on foot in an area of the apartment complex close to SCHAEFER's residence. TFO J.C. approached SCHAEFER. TFO J.C. verbally identified himself as law enforcement to SCHAEFER. Additionally, TFO J.C. was wearing clothing clearly identifying him as a law enforcement officer. TFO J.C. told SCHAEFER that he was under arrest. SCHAEFER did not comply with commands. Instead, SCHAEFER ran back to his vehicle and began digging for something. SCHAEFER then drove away.

13. TFOs D.D. and J.C. attempted to make a traffic stop of SCHAEFER's vehicle. TFOs D.D. and J.C. were in unmarked vehicles that had flashing police lights and audible sirens. SCHAEFER initially attempted to elude TFOs D.D. and J.C. in his vehicle, but traffic on NW 185th Avenue eventually blocked SCHAEFER's vehicle, and TFOs D.D. and J.C. were then able to box in SCHAEFER's vehicle. TFOs D.D. and J.C. are persons designated as federal officers under 18 U.S.C. § 1114 and were engaged in the performance of official duties on October 11, 2017.

14. At the time of the traffic stop, SCHAEFER refused to comply with commands from the TFOs. SCHAEFER held out a cigarette pack and a lit lighter. SCHAEFER yelled to

the TFOs that "we're all fucking dying today," or words to that effect. TFO J.C. was standing near the driver's side window of SCHAEFER's vehicle, where SCHAEFER was sitting behind the steering wheel. TFO D.D. was standing behind his law enforcement vehicle to provide cover to TFO J.C. SCHAEFER then brought the flame to the packet, which caused an explosion. SCHAEFER suffered severe injuries to his left hand, including the loss of multiple fingers, from the explosion. The explosion also caused glass from SCHAEFER's vehicle to fly into the air. TFO J.C. was hit by that glass and by the flesh from SCHAEFER's mangled left hand. TFO J.C. also experienced ringing in his ears after the explosion. SCHAEFER was then taken into custody and is currently in the hospital.

15. Due to the nature, circumstances, and severity of the explosion caused by SCHAEFER, I have probable cause to believe that he ignited an "explosive" for purposes of 18 U.S.C. § 844(j) when he assaulted TFOs J.C. and D.D.

## Conclusion

16. Based on the foregoing, I have probable cause to believe JASON PAUL SCHAEFER committed Assault on Federal Officers, in violation of 18 U.S.C. § 111(b), and that he committed Using and Carrying an Explosive to Commit a Federal Felony, in violation of 18 U.S.C. § 844(h).

17. This affidavit and the requested arrest warrant were reviewed by Assistant United States Attorney Craig Gabriel who advised me that, in his opinion, probable cause exists to apply for an arrest warrant of JASON PAUL SCHAEFER.

/ / /

/ / /

### Request for Sealing

18.   It is respectfully requested that the Court issue an order sealing, until further order of the Court, all papers submitted in support of the requested criminal complaint and arrest warrant.   I believe that sealing these documents is necessary because the information to be seized is relevant to an ongoing investigation, and any disclosure of the information at this time may seriously jeopardize an investigation.   Premature disclosure of the affidavit, the criminal complaint, and the arrest warrant may adversely affect the integrity of the investigation.

WADE N. MUTCHLER
Special Agent
Federal Bureau of Investigation
Portland, Oregon

Subscribed and sworn to before me this  13th  day of October 2017.

STACIE F. BECKERMAN
United States Magistrate Judge
District of Oregon